Tottbn, J.,
delivered the opinion of the court.
The action is ejectment for one hundred and seventy-four acres of land in Obion County. The plaintiff’s lessor purchased the land at Sheriff’s sale, and the question is upon the validity of the proceeding in virtue of which the sale was made.
There was a judgment before a Justice of Obion, on which execution issued and was levied on the land sued for; the papers were then returned to the Circuit Court — were recorded, and a venditioni exponas awarded, upon the execution of which the plaintiff became the purchaser.
It is objected that the sale is void because it is not stated in the levy, that the land lies in Obion county; 2, because it is not stated or assumed in the order of sale, that the land lies in said county.
It is essential to the validity of a levy that it contain such reasonable certainty in the description of the land as shall identify it and distinguish it from every other tract.
No more definite rule can be stated without impairing in many instances, the validity of judicial sales, which should indeed, be the most safe and reliable of any.
The county is to be considered only as part of the description, but not as a necessary part of it, if the description be otherwise sufficiently definite and certain. If an officer of Obion state that the land levied upon by him, lies in said county, he states nothing more than what the law would presume, as he could have no power or authority to levy on land in another county, and such levy would not be an official act. It is, of course, essential to the validity of the levy, that the land lie in the county, whether the officer so states it or not. This is a fact which may be contested after the sale, in any suit involving its validity. The statement that the land lies in the county, is, therefore of no utility except as matter of description, and in that respect is, of itself, indefinite and insufficient.
*531 Now in the present case, the levy identifies the land by both directory and special calls; it is on Richland Creek and its boundaries are specially stated. We deem the_levy therefore, quite sufficient, notwithstanding it omits to name the county as part of the description.
In support of the second objection, it is argued that unless it appear in the judgment of the court awarding the venditioni exponas, that the land lies in the county, the jurisdiction of the court does not appear: — and it is insisted that every fact necessary to give the court jurisdiction must be stated, otherwise its judgment is void.
We do not think the proceeding summary and ex parte in the sense of the rule relied upon, and that it has no application to the case. But on the contrary the presumption is in favor of the jurisdiction of the court, it having general jurisdiction, and in favor of the regularity and validity of its proceedings.
But this is merely a presumption, and if the fact be true that the land does not lie in the county, which fact it is competent to aver and prove, the sale is to be considered as merely void, though the judgment awarding the sale, like the levy, contain the statement that the land lies in the county. It cannot therefore, be material to a valid judgment in such case, that it state or assume that the land lies in the county.
The result is, that the circuit court erred in rejecting the record ofthesalein question, for which error, the judgment will be reversed, and the cause remanded.
Judgment reversed.